**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NEVILLE SYLVESTER LESLIE,** | : | **CIVIL NO. 3:10-CV-1005** |
| | : | |
| **Plaintiff,** | : | **(Judge Conaboy)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

**I.    Statement of Facts and of the Case**

This case, which comes before the Court for consideration of a motion to dismiss filed by a Defendant who was added to this action by Leslie, without leave of court, 18 months after this litigation began, invites us to write yet another chapter in a twelve-year legal saga involving Neville Leslie, a Jamaican national, convicted drug trafficker, and immigration detainee.

Briefly, the background of this case is as follows:  In 1998 the Plaintiff, Neville Leslie, a Jamaican national, "was convicted by a beguiled guilty plea for conspiracy with the intent to distribute fifty (50) grams or more of cocaine bais [sic] 'crack'". (Doc. 1, ¶2) Following his conviction on this drug trafficking charge, Leslie

was sentenced to a 168-month term of imprisonment, a jail sentence which Leslie claims was subsequently reduced. (Id.)

According to Leslie, he completed this federal drug trafficking sentence in 2008, and was released from federal custody to an immigration detainer.  (Id. ¶4.) This immigration detainer noted that Leslie, an alien convicted of drug trafficking, was subject to deportation as a result of this criminal conduct.  (Id.)  While these immigration proceedings were pending against Leslie, the Plaintiff was detained and housed by immigration officials in two county prisons in Pennsylvania, the Clinton County Prison and the York County Prison.  (Id. ¶¶4-20.)

From prison, Leslie launched a series of legal assaults upon this immigration action.  As part of this effort, Leslie filed a series of petitions for writs of habeas corpus, challenging the lawfulness of his detention.  Leslie v. Sabol, No. 03:09-CV-762 (M.D.Pa.);  Leslie v. Holder, No. 03:11-CV-249 (M.D. Pa.)  These habeas corpus petitions have recently led to Leslie's release on bail from immigration custody.

In addition, on May 11, 2010, Leslie launched another *pro se* challenge to the conditions of his detention when he filed the instant civil rights complaint with this Court.  (Doc. 1)  In his first *pro se* complaint, Leslie named the United States, the York and Clinton County Prisons, and numerous senior prison officials as

Defendants. (Id.) Leslie then recited the history of his criminal convictions which led

to his immigration detention pending deportation at these facilities.  (Id.)

After setting forth this background, Leslie alleged in a summary fashion that

immigration officials violated the Fifth Amendment to the United States Constitution

by holding him pending deportation.  (Id.)  Leslie further asserted that local and

federal officials were violating the Thirteenth Amendment's prohibition on

involuntary servitude by instructing him to participate in prison work details while

in custody.  (Id.)  Finally, Leslie claimed, in a summary manner, that prison officials

were also violating his rights under the Eighth Amendment to be free from cruel and

unusual punishment by "denie [sic] him medication and sometimes delay medical cair

[sic] by not approving [sic] when the Doctor priscribe [sic] the bases [sic] mediation

which will help Claimant." (Id. ¶9.)[1]  On the basis of these assertions, Leslie sought

compensatory and punitive damages under both the United States Constitution and

the Federal Tort Claims Act totaling $5,000,000, along with declaratory and

---

[1]With respect to this Eighth Amendment claim Leslie's complaint indicated that one of Leslie's primary medical concerns was that he was "suffering with this gas pain and have to berp [sic] and . . . one inmate is complaining that he is tired of hearing me pass gas . . . ." (Id. Ex. B.) In response to this specific complaint, prison officials did not deny Leslie care; they simply informed him that the specific anti-gas medication he seeks is not on the prison formulary. (Id.) Thus, the exhibits attached to Leslie's complaint highlighted a medical dispute between a prisoner and his jailers over the choice of medicine to curb flatulence.

injunctive relief, in the form of an order relieving him from what he describes as his "involuntary servitude" as an immigration detainee.

The Defendants then moved to dismiss Leslie's *pro se* complaint. (Docs. 19 and 29) Construing Leslie's complaint as one which principally entailed Fifth Amendment and involuntary servitude claims, we filed a report and recommendation on October 6, 2010, which recommended that these motions to dismiss be granted. (Doc. 30) This report and recommendation was adopted by the District Court, over Leslie's objections, (Doc. 41), and Leslie appealed. (Doc. 43)

On appeal, the United States Court of Appeals for the Third Circuit affirmed the decision to dismiss Leslie's Fifth[2] and Thirteenth Amendment due process and involuntary servitude claims. (Doc. 46-1) The appellate court also affirmed the dismissal of Leslie's Eighth Amendment claims, which were premised on the failure to "provide him with a particular medication to treat his 'gas problem' because that medication was not on the prison's formulary." (Doc. 46-1, p.5) The appellate court, however, remanded this case for consideration of separate Eighth Amendment claims which Leslie appeared to raise; namely, claims that prison officials failed to treat

---

[2]The appellate court's decision held that this Fifth Amendment claim should be dismissed without prejudice. Leslie has not renewed this claim in his latest amended complaint.

Leslie for pancreatic pains, and placed him in close contact with tubercular prisoners. (Doc. 46-1,pp. 5-6)

Following this remand, on September 13, 2011, the District Court entered an order directing Leslie to file an amended complaint limited to addressing only the specific claims remanded by the court of appeals, and referring this case to this Court for further proceedings.  (Doc. 47)  On October 3, 2011, Leslie filed this amended complaint.  (Doc. 48)  In his amended complaint, Leslie named thirteen Defendants: Physician assistants Toby and Catone at the York County Prison; the York County Prison; the United States of America; Warden Mary Sabol, York County Prison; Deputy Warden Doll, York County Prison; Deputy Warden Sterner, York County Prison; Donald Reihard, Solicitor, York County Prison; and the following personnel at the Clinton County Prison–Warden Duran,  Deputy Warden Motter, Supervisor Nurse Reeder, Nurse Rupert, and Correctional Officer "Hernandez 21."  (Doc. 48) Four of these Defendants identified by Leslie–Physician Assistants Toby and Catone, and Nurse Reeder and Rupert–were newly added to this case in Leslie's October 3, 2011, amended complaint.  (Id.)  Like his original complaint, this amended complaint also contained a demand for a specific amount of unliquidated damages, $1,000,000, from each Defendant. (Id.)

Upon the filing of this amended complaint, the various Defendants filed motions to dismiss this amended complaint. We have now addressed two of these motions to dismiss. Thus, on November 21, 2011, we filed a report and recommendation which recommended that a number of the Defendants and claims set forth in this amended complaint be dismissed from this action. (Docs. 69 and 70) Specifically, we recommended that this complaint be dismissed with respect to the following Defendants: The York County Prison; the United States of America; Warden Mary Sabol, York County Prison; Deputy Warden Doll, York County Prison; Deputy Warden Sterner, York County Prison; Donald Reihard, Solicitor, York County Prison; and the following personnel at the Clinton County Prison–Warden Duran, Deputy Warden Motter, and Correctional Officer "Hernandez 21." (Id.) We also recommended that all claims brought under the Occupational Safety and Health Act, (OSHA), 29 U.S.C. §651, also be dismissed from this action. (Id.) On December 9, 2011, the District Court entered a memorandum and order adopting these recommendations. (Doc. 74)

While making these recommendations, we specifically reserved judgment as to whether the amended complaint properly named two new Defendants, Nurse Rupert and Nurse Reeder at the Clinton County Prison, and stated claims against

these newly named Defendants.   As to these two medical Defendants Leslie's

amended complaint, simply recited that in February of 2010:

> In the course of taking these antibiotics (prescribed by co-defendant
> Nurse Rupert), plaintiff started to feel pain in his pancreas on the left
> side of his stomach. Plaintiff has put in various "sick call" requests
> complaining about pain to the nurses at the prison. The nurses
> complained to were, Supervisor Nurse C. Reeder, Nurse Perry, Nurse
> Rupert, and Nurse Liter. Plaintiff's requests were not responded to for
> a period of three weeks.

(Doc. 48, p.2)

Thus, as to Defendants Reeder and Rupert, Leslie's amended complaint began by

reciting that Rupert provided medical care to the Plaintiff. ("In the course of taking

these antibiotics (prescribed by co-defendant Nurse Rupert)".)   The amended

complaint then alleged that Leslie complained of pain to four nurses.   According to

the amended complaint, these concerns were not responded to for three weeks, a

factual averment which implies that the complaints were then later responded to in

some fashion, although Leslie's complaint does not describe what happened after this

alleged three-week delay.   On the basis of these otherwise unadorned allegations,

Leslie sought to hold Defendants Rupert and Reeder personally liable for damages

asserting that the nurses were deliberately indifferent to his serious medical needs.

On April 5, 2012, we  recommended that this motion to dismiss Defendants Rupert

and Reeder be granted, without prejudice to permitting Leslie one final opportunity

to properly seek leave of court to amend his complaint to add these new parties and claims. (Doc. 87)

We now turn to consider Leslie's allegations against the Defendants he identifies in his amended complaint as PA Toby and PA Catone. At the outset, we note that there is a fundamental confusion regarding the identity of the parties that Leslie wishes to sue. Leslie's amended complaint appears to refer to two Defendants, PA Toby and PA Catone. The Defendant, however, insists that these references are to a single individual, Physician Assistant Toby Catone. (Doc. 83) Defendant Catone has now moved dismiss this complaint. (Docs. 84 and 85) On March 30, 2012, we ordered Leslie to respond to this motion to dismiss by April 13, 2012. (Doc. 86) Leslie has not responded to this motion, and the time for filing a response has now lapsed. Therefore, we will deem this motion ripe for resolution. For the reasons set forth below, it is recommended that this motion to dismiss be granted, without prejudice to permitting Leslie one final opportunity to properly seek leave of court to amend his complaint to add these new parties and claims.

II.   **Discussion**

    A.   **Leslie Has Failed to Respond to This Motion to Dismiss and Has Failed to Abide By the Procedural and Substantive Standards Which Apply to Amendment of Complaints**

At the outset, under the Local Rules of this Court the Plaintiff may be deemed to concur in this motion, since Leslie has failed to timely oppose the motion, or otherwise litigate this case.  On May 25, 2010, at the outset of this litigation, Leslie was informed by the Court in clear and precise terms what consequences would flow from failing to respond to defense motions, when we advised Leslie that: "If the party opposing the motion does not file his or her brief and any evidentiary material within the 14-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion.  The motion may, therefore, be granted if:  (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court."  (Doc. 7)  On March 30, 2012, we specifically instructed Leslie to respond to Defendant Catone's motion to dismiss in accordance with Local Rule 7.6.  Despite this admonition, Leslie has not filed a response to this motion to dismiss.

This procedural default frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this Court warrants dismissal of the

action, since  Local Rule 7.6 of the Rules of this Court imposes an affirmative duty

on the Plaintiff to respond to  motions and  provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to

dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with

the [R]ule after a specific direction to comply from the court.' Stackhouse v.

Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc.,

No. 09-1704,  2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010).  In this case Leslie

has not complied with the Local Rules, or this Court's order, by filing a timely

response to this motion.  Therefore, this procedural default compels the Court to

consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires

that the merits of a particular dispute be placed before the court in a timely fashion ....” <u>McCurdy v. American Bd. of Plastic Surgery</u>, 157 F.3d 191, 197 (3d Cir.1998).

<u>Lease v. Fishel</u>, 712 F. Supp. 2d 359, 371 (M.D.Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached, “would actually violate the dual mandate which guides this Court and motivates our system of justice: ‘that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.’” <u>Id.</u> Therefore, we are obliged to ensure that one party’s refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the Plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to the motion to dismiss filed by the Defendant. This failure to respond now compels us to apply the sanction called for under Rule 7.6 and deem the Plaintiff to not oppose this motion to dismiss.

Beyond the procedural issues raised by Local Rule 7.6, Leslie’s efforts to unilaterally amend this complaint 18 months after this litigation began to add either one, or two, new Defendants raises other procedural and substantive concerns. The

procedural concerns stem from the fact that Rule 15 of the Federal Rules of Civil Procedure, which governs the amendment of pleadings, requires leave of court before parties are added to a case at this late date.  These procedural concerns, in turn, are heightened by substantive considerations regarding the exacting standard of pleading Leslie must meet under Rule 12(b)(6) of the Federal Rules of Civil Procedure when alleging an Eighth Amendment violation against prison medical staff arising out of their care and treatment of a prisoner.

In this case, we believe that these procedural and substantive concerns, taken in concert, call for dismissal of Leslie's amended complaint, in its current form, as to Defendant Toby Catone, since the process used to amend this complaint was inappropriate, and the substance of the amended complaint does not comport with the requirements of federal law.

At the outset, we believe that the procedure used by Leslie to unilaterally add this Defendant to this lawsuit violates Rule 15 of the Federal Rules of Civil Procedure.  Rule 15(a) of the Federal Rules of Civil Procedure provides as follows:

**(a) Amendments Before Trial**

**(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is
required, 21 days after service of a responsive pleading or
21 days after service of a motion under Rule 12(b) . . . .

**(2)** ***Other Amendments.***  In all other cases, a party may amend its
pleading only with the opposing party's written consent or the court's
leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

In this case the Plaintiff had not sought leave of court to file an amended
complaint which added new parties and claims to this case, and had not filed the
amended complaint within the time limits prescribed by Rule 15 for amendment of
complaints without leave of court.  Therefore, prior leave of court is needed before
Leslie may add new parties and claims to this lawsuit.

Decisions regarding amendment of pleadings rest in the sound discretion of the
district court and will not be disturbed absent a abuse of that discretion.  See e.g.,
Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National
Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001).  That discretion, however,
is governed by certain basic principles, principles that are embodied in Rule 15 of the
Federal Rules of Civil Procedure.  In this regard, while Rule 15 provides that leave
to amend should be freely given when justice requires, the district court still retains
broad discretion to deny a motion to amend, Bjorgung v. Whitetail Resort, LP, 550

F.3d 263 (3d Cir. 2008); <u>Cureton v. National Collegiate Athletic Ass'n</u>., 252 F.3d 267

(3d Cir. 2001), and may deny a request:

> if the plaintiff's delay in seeking to amend is undue, motivated by bad
> faith, or prejudicial to the opposing party. <u>Adams</u>, 739 F.2d at 864.
> Delay becomes "undue," and thereby creates grounds for the district
> court to refuse leave, when it places an unwarranted burden on the court
> or when the plaintiff has had previous opportunities to amend. <u>Cureton</u>,
> 252 F.3d at 273 (citing <u>Adams</u>, 739 F.2d at 868; <u>Lorenz v. CSX Corp</u>.,
> 1 F.3d 1406, 1414 (3d Cir.1993)). Thus, our review of the question of
> undue delay . . . will "focus on the movant's reasons for not amending
> sooner," <u>Cureton</u>, 252 F.3d at 273, and we will balance these reasons
> against the burden of delay on the District Court. <u>Coventry v. U.S. Steel</u>
> <u>Corp</u>., 856 F.2d 514, 520 (3d Cir.1988).

<u>Bjorgung v. Whitetail Resort, LP, supra</u>, 550 F.3d at 266.

Furthermore, "'[a]mong the grounds that could justify a denial of leave to

amend are undue delay, . . ., dilatory motive, prejudice, and futility.' <u>In re Burlington</u>

<u>Coat Factory Sec. Litig</u>., 114 F.3d 1410, 1434 (3d Cir.1997) ('<u>Burlington</u>'); <u>Lorenz</u>

<u>v. CSX Corp</u>., 1 F.3d 1406, 1413-14 (3d Cir.1993).  'Futility' means that the

complaint, as amended, would fail to state a claim upon which relief could be granted.

<u>Burlington</u>, 114 F.3d at 1434." <u>Shane v. Fauver</u>,  213 F.3d 113, 115 (3d Cir. 2000).

Moreover, a party seeking to amend pleadings must act in a diligent fashion.  Thus,

for example, "[a] District Court has discretion to deny a plaintiff leave to amend

where the plaintiff was put on notice as to the deficiencies in his complaint, but chose

not to resolve them. <u>Rolo v. City Investing Co. Liquidating Trust</u>, 155 F.3d 644, 654

(3d Cir.1998)." <u>Krantz v. Prudential Investments Fund Management LLC</u>, 305 F.3d 140, 144 (3d Cir. 2002).

Finally, in every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15, which is "to make pleadings a means to achieve an orderly and fair administration of justice." <u>Griffin v. County School Bd. of Prince Edward County</u>, 377 U.S. 218, 227 (1964).  Therefore, in considering a motion to amend we must always "appl[y] Rule 15 . . . in a manner aimed at securing the just, speedy and inexpensive determination of every action." <u>Masimo Corp. v. Philips Elec. N. Am. Corp</u>., 2010 WL 1609899, at *1 (D.Del. Apr.20, 2010) (quoting <u>Medeva Pharma Ltd. v. Am. Home Prods. Corp</u>., 201 F.R.D. 103, 104 n. 3 (D.Del.2001))." <u>CMR D.N. Corp. v. City Of Philadelphia</u>, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11, 2011)(Stengel, J.).

In this case, Leslie has not sought leave of court to add this Defendant to this action, as he is required to do under Rule 15.  Moreover, Leslie has provided no explanation for his 18-month delay in naming this Defendant, as he is also required to do when seeking leave to amend in this fashion.  Furthermore, Leslie's amended complaint creates substantial confusion concerning the identity of the Defendant[s] he wishes to name, since his amended complaint seems to identify two Defendants, PA Toby and PA Catone, yet the Defendant claims that there is only a single

Defendant who matches the description set forth in Leslie's amended complaint, Physician Assistant Toby Catone.

It is essential that we clearly understand who Leslie seeks to sue, and what claims he wishes to bring.  Given the current fundamental confusion regarding the identity of the Defendant[s] named in the amended complaint, Leslie should not be permitted to unilaterally amend his complaint in this manner at this time.  Instead, this complaint should be dismissed with instructions to Leslie to prepare an appropriate amended complaint which clearly and correctly identifies this particular Defendant.

In addition, we note that the Court should also strike the claim for a specific sum of unliquidated damages, $1,000,000, from this *pro se* complaint.  In this regard, Rule 12(f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter. Fed. R. Civ. P. 12(f). Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. Singh v. Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me. 1984).  In this case, Leslie's claim for a specified amount of unliquidated damages violates Local Rule 8.1 which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief but shall not claim any specific sum where unliquidated damages are involved. The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Local Rule 8.1 (emphasis added).

Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, that specific dollar claim will be stricken from the complaint without prejudice to the Plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

In sum, given the confusion regarding the identity of the parties in this case, and Leslie's failure to respond to a defense motion to dismiss in a manner which could clarify this confusion, Leslie should now seek leave of court before adding claims and Defendants to this action in this fashion.  In seeking such leave, he should also properly identify each Defendant he seeks to name in this amended complaint, explain why this Defendant was not previously named in this case, should justify the delay in naming this party, and should more clearly articulate the basis for his claim that this individual was deliberately indifferent to his medical needs.  Since Leslie's amended complaint advances these claims in a procedurally inappropriate manner and in a substantively flawed fashion, it is recommended that these Defendants be dismissed from this action.

In making these recommendations we recognize that *pro se* plaintiffs in civil rights cases often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).  Here, we recommend that the Plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file a motion to amend his complaint, along with a properly detailed proposed amended complaint relating to Defendant Toby Catone.  Accordingly, it is recommended that the Court provide the Plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the Plaintiff to comply with the rules governing civil actions in federal court.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's amended complaint be dismissed as to Defendant Toby Catone, but without prejudice to providing the Plaintiff one final opportunity to seek leave of court to file a proper amended complaint as to this Defendant, an amended complaint which corrects the defects cited in this report and complies with federal pleading standards, provided that the Plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of April 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge